Case 2:13-cv-05700-GAM   Document 50   Filed 04/07/15   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SONYA HOFFMANN, | : | CASE NO. 2:13-cv-05700-GAM |
| Plaintiff, | : | |
| | : | [ELECTRONICALLY FILED] |
| v. | : | |
| WELLS FARGO BANK, N.A., | : | |
| PHELAN, HALLINAN & SCHMIEG, LLP, | : | |
| COURTENAY R. DUNN, ESQUIRE, | : | |
| Defendants. | : | |

**DEFENDANT WELLS FARGO BANK, N.A.'S**
**SUPPLEMENTAL SUBMISSION REGARDING GINNIE MAE**

On March 24, 2015, the Court heard oral argument (the "**Argument**") with respect to Defendant Wells Fargo Bank, N.A.'s ("**Wells Fargo**") Renewed Motion to Dismiss Plaintiff's Sole Remaining State Law Claim Against Wells Fargo pursuant to Fed. R. Civ. P. 12(b)(6) (the "**Motion**") as well as co-defendants Phelan Hallinan & Schmieg, LLP and Courtenay R. Dunn, Esquire's Motion for Reconsideration. Pursuant to the Court's order at the Argument and in further support of the Motion, Wells Fargo, by and through its undersigned counsel, respectfully submits this Supplemental Submission regarding the role of the Government National Mortgage Association ("**Ginnie Mae**").

Notwithstanding the fact that as the holder in possession of the blank endorsed Note, Wells Fargo had standing to enforce the Mortgage in the Foreclosure Action[1], Ms. Hoffmann contends that Wells Fargo lacked standing to enforce the Mortgage because of two unrecorded Ginnie Mae Assignments of the Mortgage. As a result, she alleges that Wells Fargo violated the UTPCPL by engaging in false and deceptive conduct with respect to its right to enforce the

---

[1] Unless otherwise indicated, all defined terms herein are the same as those defined in Wells Fargo's Memorandum of Law in Support of the Motion to Dismiss (the "**Memorandum**").

-2-

Mortgage. As discussed at length during the Argument, as the holder in possession of the Note, under Pennsylvania law Wells Fargo had and continues to have the right to enforce the Note and its accompanying Mortgage. Accordingly, the Ginnie Mae Assignments did not and do not affect Wells Fargo's standing to enforce the Note and the Mortgage.

Moreover, as discussed herein, given Ginnie Mae's limited role as a mere guarantor of payments to the holders of the mortgage-backed securities upon the default of the issuer, the Ginnie Mae Assignments were provisional and were not intended (and did not) transfer ownership of the Note or the Mortgage to Ginnie Mae. As such, those assignments did not affect Wells Fargo's right to foreclosure upon the Mortgage.

Ginnie Mae was created in 1968 with the passage of the Housing and Urban Development Act of 1968 (the "**Act**"). See 24 C.F.R. 300.5 (stating "The Association is a Government corporation in the Department of Housing and Urban Development. It is derived from . . . [Fannie Mae], which was partitioned by the Congress into two corporations effective September 1, 1968, one of which is the Association. . . ."); Andrew G. Pizor, et al., Mortgage Lending, Loan Origination, Preemption and Litig., § 1.2.3.1 (2d ed. 2014); http://www.ginniemae.gov/inside_gnma/company_overview/Pages/our_history.aspx. (April 7, 2015). As a result of the Act, the Federal National Mortgage Association ("**Fannie Mae**") was split into two separate entities, Fannie Mae and Ginnie Mae. See 24 C.F.R. § 330.5; Andrew G. Pizor, et al., Mortgage Lending, Loan Origination, Preemption and Litig., § 1.2.3.1 (2d ed. 2014); http://www.ginniemae.gov/inside_gnma/company_overview/Pages/our_history.aspx. (April 7, 2015). Specifically, Fannie Mae was converted to a for-profit, shareholder-owned corporation and Ginnie Mae was established as a government owned corporation within the U.S.

Department of Housing and Urban Development ("**HUD**").  See Andrew G. Pizor, et al., Mortgage Lending, Loan Origination, Preemption and Litig., § 1.2.3.1 (2d ed. 2014).

The "purpose behind the formation of [Ginnie Mae] was to attract new sources of investment in the residential mortgage market, particularly during periods of tight credit."  In re SSIW Corp., 7 B.R. 735, 737 (Bankr. S.D.N.Y. 1980).  Specifically, the creators of Ginnie Mae

> recognized that since large sums of capital are required to invest in mortgages, investors, interested in a diversified portfolio, were often precluded from lending funds to cover more than a few properties.  More important, an investment in such property lacked a traditionally essential ingredient in the minds of many investors liquidity.
>
> Thus, in the scheme of The National Housing Act, under a single family guarantee plan, the mortgage lender assembles a pool of FHA or VA home loans, carrying a single rate of interest and normally having an aggregate value of $1 million. The mortgage lender then issues Ginnie Mae certificates against the pool.  <u>Although [Ginnie Mae] is not the issuer, it guarantees the timely payment of interest and principal on the securities collateralized normally by the single family thirty year mortgages, one to four unit dwellings</u>.

Id. at 737 (emphasis added) (citations omitted).  Accordingly, Ginnie Mae's "duty is to guarantee privately issued mortgage-backed securities (MBS) made of securitized FHA, VA and other government insured or guaranteed mortgages."  Andrew G. Pizor, et al., Mortgage Lending, Loan Origination, Preemption and Litig., § 1.2.3.1 (2d ed. 2014); see also 24 C.F.R. § 300.3 (stating Ginnie Mae "furnishes fiduciary services to itself and other departments and agencies of the Government, and guarantees privately issued securities backed by trusts or pools of mortgages or loans which are insured or guaranteed by the Federal Housing Administration (FHA), the Department of Veterans Affairs (VA) or the Rural Housing Service (RHS) and certain other loans or mortgages guaranteed or insured by the Government."); 24 C.F.R. § 320.1 (providing "The Association is authorized by section 306(g) of the National Housing Act (12 U.S.C. 1721(g)) . . . to guarantee the timely payment of principal of [sic] and interest on

securities that are based on and backed by a trust or pool composed of mortgages which are insured or guaranteed by FHA, FmHA or VA.  The Association's guaranty of mortgage-backed securities is backed by the full faith and credit of the United States."); 24 C.F.R. § 320.13 (stating same).

Accordingly, because Ginnie Mae only guarantees certain federally insured or guaranteed mortgages, it "does not buy or sell loans or issue mortgage-backed securities."  See http://www.ginniemae.gov/pages/default.aspx (April 7, 2015).  Rather, Ginnie Mae-approved lenders (issuers)

> originate or purchase mortgage loans and pool them to provide the base and backing for the MBS.  The issuers then sell (i.e., issue) the Ginnie-Mae guaranteed securities to the public. Ginnie Mae does not participate in the origination of individual mortgage loans, and it plays no part in determining the terms of loans made by lenders to borrowers.
>
> Ginnie Mae also does not service mortgage loans pooled to back MBS.  Instead, the issuers are responsible for administering and servicing the pooled mortgages after the sale of the securities.  The overriding obligation of issuers is to make timely payments of amounts due securities holders, whether or not timely payments are received from borrowers.
>
> Ginnie Mae's role is limited to that of guarantor of timely payment on the MBS.  In the event that an issuer fails to make timely payments to securities holders, or otherwise defaults in the discharge of its responsibilities, Ginnie Mae continues making required payments to securities holders.
>
> As a condition to providing its guaranty, Ginnie Mae requires issuers to assign the mortgages to Ginnie Mae.  Ginnie Mae then permits the issuer to hold legal title and service mortgage loans on its own behalf.  The assignment of the mortgage is required so that if the issuer defaults on its obligation to Ginnie Mae, Ginnie Mae can immediately extinguish the issuer's interests in the mortgage loans.  Unless and until Ginnie Mae defaults the issuer, legal title to the mortgage loans is held by the issuer.

Memorandum of Law in Support of Motion to Dismiss Complaint Against Government National Mortgage Association, at p. 2-3, filed by the U.S. Attorney on behalf of Ginnie Mae in Freeman v. Moynihan, Civ. A. No. 12-cv-5364-JCJ (Nov. 16, 2012) (the "**Ginnie Mae Memorandum**")

(emphasis added);[2] see also 12 U.S.C. § 1721(g) (2015) (providing "The Association is hereby empowered, in connection with any guaranty under this subsection, whether before or after any default, <u>to provide by contract with the issuer for the extinguishment, upon default by the issuer, of any redemption, equitable, legal, or other right, title, or interest of the issuer in any mortgage or mortgages constituting the trust or pool against which the guaranteed securities are issued; and with respect to any issue of guaranteed securities, in the event of default and pursuant otherwise to the terms of the contract, the mortgages that constitute such trust or pool shall become the absolute property of the Association</u> subject only to the unsatisfied rights of the holders of the securities based on and backed by such trust or pool.") (emphasis added); 12 U.S.C. § 1721(g) (effective October 1, 1998 to December 3, 2002) (providing same); 12 U.S.C. § 1721(g) (effective October 26, 1996 to September 30, 1998) (providing same).

Because of Ginnie Mae's limited role as guarantor, it is not in privity of contract with a borrower, like Ms. Hoffmann. Indeed, no privity of contract can exist where, as here, "Ginnie Mae did not originate plaintiff's loan and is not named as the lender on plaintiff's note. . . . Ginnie Mae has never serviced plaintiff's loan and has never accepted any payments from plaintiff." [Ginnie Mae Memorandum, p. 9]. Moreover, as discussed Ginnie Mae does not become the legal owner of a note or mortgage by virtue of a provisional assignment of a mortgage. [See id. at p. 3-4]. Rather, an issuer/lender's ownership is only divested by Ginnie Mae when the issuer/lender defaults on its payment obligations to the investors. Absent such a default, Ginnie Mae is not in privity with the borrower and cannot itself enforce a note or a mortgage. [See id., at p. 6 (stating "Ginnie Mae is not in position to foreclosure upon plaintiff's loan.")]. Here, because there is no allegation that Wells Fargo, as issuer, defaulted on its

---

[2] A true and correct copy of the Ginnie Mae Memorandum is attached hereto as Exhibit "1" and incorporated herein by reference.

obligations to the investors or that it was divested of its ownership interest in the Mortgage by Ginnie Mae, Wells Fargo remains the owner of the Note and Mortgage with the right to enforce it.

In light of the foregoing and for the reasons set forth in Wells Fargo's Motion and Memorandum of Law, Wells Fargo respectfully requests that the Court grant its Motion to Dismiss, dismiss Count III of the Complaint in its entirety with prejudice as to Wells Fargo and dismiss Wells Fargo as a defendant in this action.

Respectfully submitted,

Dated: April 7, 2015      By  */s/ Christine M. Kovan*
                                          Steven J. Adams, Esquire
                                          Attorney I.D. No. 56293
                                          111 N. Sixth Street
                                          P.O. Box 679
                                          Reading, PA 19603-0679
                                          Tel.: (610) 478-2133
                                          email: *sja@stevenslee.com*

                                          Christine M. Kovan
                                          Attorney I.D. No. 82428
                                          620 Freedom Boulevard
                                          Suite 200
                                          King of Prussia, PA 19406
                                          Tel.: (610) 205-6038
                                          email: *cmk@stevenslee.com*

                                    *Attorneys for Defendant*
                                    *Wells Fargo Bank, N.A.*

SL1 1361303v1 104945.00441