# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SONYA HOFFMANN,<br><br>        Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al,<br><br>        Defendants. | CIVIL ACTION NO. 13-cv-5700 GAM |

### DEFENDANTS PHELAN HALLINAN DIAMOND & JONES, LLP AND COURTENAY R. DUNN, ESQUIRE'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND <u>IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff's Motion for Summary Judgment fails *ab initio* because it does not even attempt to address the proofs required under the Court's Orders. As shown in the Motion for Summary Judgment (ECF No. 68) of Defendants Phelan Hallinan Diamond & Jones, LLP and one of its attorneys, Courtenay R. Dunn, Esquire (collectively, "PHD&J"), Plaintiff cannot establish the required elements of proof, and thus PHD&J is entitled to dismissal of the Complaint with prejudice. The same evidence which supports PHD&J's Motion for Summary Judgment shows why PHD&J is entitled to dismissal of the Complaint and why Plaintiff's Motion fails.

Instead of addressing the requirements of the Court's Orders, Plaintiff regurgitates other arguments that have already been extensively briefed by the parties. Plaintiff's sole remaining claim, asserted under § 1692e of the Fair Debt Collection Practices Act (the "FDCPA"), relies on

the unsustainable premise that the Unrecorded Assignments[1] to GNMA pre-empt the Recorded Assignments. Plaintiff's premise is flawed because it is undisputed that GNMA never acquired any legal interest in the Property under the Unrecorded Assignments.

The evidence confirms that the Unrecorded Assignments are of no force and effect and were only created as security for GNMA in the event GNMA was required to perform as guarantor of the Mortgage. GNMA was never called on to perform and never will be because the assignors of the Unrecorded Assignors no longer have any interest in the Mortgage. (Rather, Wells Fargo does.) Plaintiff's total and complete inability to prove that the Unrecorded Assignments have any bearing on Wells Fargo's right to foreclose is an incurable defect in her case. As such, Plaintiff's Motion for Summary Judgment should be denied.

## I. SUMMARY OF UNDISPUTED MATERIAL FACTS

PHD&J respectfully refers the Court to, and incorporates herein by reference, the Chronological Statement of Undisputed Material Facts in its Memorandum of Law in Support of its Motion for Summary Judgment, ECF No. 68-1.

## II. LEGAL REASONING AND ARGUMENTS

### a. Plaintiff Cannot Establish She Is Entitled to Judgment as a Matter of Law.

Plaintiff's Motion for Summary Judgment should be denied because she has failed to establish the elements necessary for her to recover on her sole remaining claim. This Court's June 16, 2015 Opinion (ECF No. 57; the "June Opinion") holds that Plaintiff's FDCPA fails unless she proves all of the following:

> (1) the completed transactions involving the unrecorded assignments; (2) Wells Fargo's knowledge of the prior assignments at the time it received its assignment; and (3) PHD&J's prior knowledge of the existence of those unrecorded assignments.

---

[1] For consistency and simplicity, capitalized terms have the same meanings that have been consistently employed in PHD&J's prior submissions to the Court.

June Opinion at 15. Plaintiff has failed to provide any affirmative evidence that establishes any consummated transactions involving the Unrecorded Assignments or PHD&J's prior knowledge of the existence of those Unrecorded Assignments. PHD&J fully addressed Plaintiff's failures in its Motion for Summary Judgment (ECF No. 68), which it respectfully incorporates herein by reference.[2] Plaintiff's failures of proof are fatal to her Motion

    b.    Plaintiff Did Not, and Cannot, Prove that GNMA's Role Was Anything Other than that of a Guarantor for Mortgage Lenders Who Was Not Called Upon to Pay or Otherwise Perform.

Plaintiff's Motion for Summary Judgment repeats her legally and factually unsupportable position that GNMA served as something more than a guarantor for mortgage lenders who was never called upon to pay. As a result, GNMA never acquired any interest in the Property and never will. Both PHD&J and Wells Fargo have extensively briefed GNMA's role as a guarantor for mortgage lenders. See ECF Nos. 50, 51, and 53, which are respectfully incorporated herein by reference. Plaintiff has failed to provide any affirmative evidence to establish that the Unrecorded Assignments retain any vitality or significance. The Unrecorded Assignments are moot and cannot be revived, and GNMA's guarantor obligations have been extinguished.

Further, by serving a subpoena on HUD, Plaintiff put GNMA on further notice of Wells Fargo's attempt to foreclose on the Property. GNMA has taken no action to assert any interest in the Property under the Unrecorded Assignments – confirming that GNMA does not have any interest in the Mortgage or the Property. Since GNMA only guarantees mortgages, and Plaintiff cannot prove that GNMA was ever called upon to perform under any guaranty, Plaintiff's Motion for Summary Judgment fails.

---

[2] In the interests of efficiency and brevity, PHD&J has incorporated by reference prior briefing throughout this Response. However, if the Court believes that Plaintiff's Motion cannot be decided without further briefing concerning GNMA and foreclosure law, PHD&J respectfully requests the opportunity to supplement this brief.

5487124 v3

c. Regardless of the Validity of the Unrecorded Assignments, Wells Fargo Was Entitled to Foreclose After Plaintiff Failed to Pay Her Mortgage.

In again arguing Pennsylvania foreclosure law, Plaintiff continues to ignore Wells Fargo's standing and its legal right to enforce Plaintiff's Mortgage as the holder of the Mortgage and the Note, endorsed in blank, regardless of the validity or invalidity of the Recorded and Unrecorded Assignments. Under Pennsylvania law, the holder of an instrument like the Mortgage Note, as well as a nonholder in possession, can enforce the instrument, even if they do not own the Note and even if possession is wrongful. 13 Pa. C.S.A. §3301. Challenges to the chain of possession of the Note, or to the circumstances under which possession was obtained, are simply immaterial to the right to foreclose. See J.P. Morgan Chase Bank N.A. v. Murray, 63 A.3d 1258, 1266 (Pa. Super. 2013). This issue has been briefed at length in PHD&J's and Wells Fargo's prior submissions. See ECF Nos. 16, 41, 42, and 59, which are respectfully incorporated herein by reference. Since Wells Fargo was legally entitled to foreclose under Pennsylvania law, Plaintiff's Motion cannot succeed.

### III. CONCLUSION

For all of the foregoing reasons, PHD&J respectfully requests that the Court (a) deny Plaintiff's Motion for Summary Judgment, (b) grant PHD&J's Motion for Summary Judgment, and (c) dismiss Plaintiff's only remaining claim with prejudice.

**FLASTER/GREENBERG P.C.**

Dated: February 5, 2016

By: */s/ Kenneth S. Goodkind*
Kenneth Goodkind, Esq. (PA ID No. 64282)
4 Penn Center
Philadelphia, PA 19103
Tel: (856) 661-1900
Fax: (856) 661-1919
*Attorneys for Defendants Phelan Hallinan Diamond & Jones, LLP and Courtenay R. Dunn, Esquire*

5487124 v3